ALFRED H. POTTER *vs.* THE CITY OF PUTNAM.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

The mere formal layout of a city street does not necessarily entitle the owner of the soil to even nominal damages; since it is open to the city to show, as it did in the present case, that a highway by dedication and user already existed and had for years existed coincident with the street as laid out.

Upon an application to a judge of the Superior Court for a reassessment of benefits and damages caused by the layout of a highway, the complaint alleged the taking of the land by the city, and the parties, without further pleading, agreed to the appointment of a committee and proceeded to a hearing. *Held* that this did not preclude either party from introducing upon the hearing any proper evidence in support or denial of the material allegations of the complaint.

Upon such a hearing the appellate tribunal must itself determine whether the landowner has sustained any damage, and if so, its amount, and is not bound by any finding of the municipal authorities in respect thereto.

In making its amended report, the committee used a form which had been prepared by the city's counsel. *Held* that this was not conclusive proof of partiality or of such misconduct as would invalidate the finding of the committee.

Argued October 1st—decided November 21st, 1901.

APPLICATION for a reassessment of benefits and damages for an alleged taking of the plaintiff's land for the layout or alteration of a highway, brought to the *Hon. John M. Thayer*, a judge of the Superior Court, and referred to a committee for a hearing of the facts; the judge accepted the committee's report, overruling a remonstrance thereto filed by the plaintiff, and rendered judgment for the defendant to recover costs from which the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The facts as found by the trial judge are as follows :—

1. This is an appeal under § 36 of the charter of the city of Putnam, for a reassessment of benefits and damages and

the correction of errors alleged to exist in the report and schedule of an assessment of damages and benefits in the layout and change of a highway by the city of Putnam, as appears from the appeal on file. 2. The parties appeared, and, no formal hearing upon the petition having been had, agreed that a committee, to consist of Edwin A. Buck of Windham, Davis A. Baker of Ashford, and Oliver A. Hiscox of Woodstock, might be appointed as a committee to reassess said benefits and damages, and thereupon said persons were appointed as such committee. 3. Subsequently a majority of the committee made their report, dated March 4th, 1899, and the appellant filed his remonstrance to the acceptance of said report. Having heard the parties by counsel, without evidence other than the papers on file, I sustained said remonstrance upon the second ground,* and recommitted said matter to said committee. 5. Subsequently a majority of said committee made its report, dated June 3d, 1899, and the appellant filed his remonstrance to said report. I heard the parties upon said remonstrance, with their witnesses and counsel, and from the evidence then introduced find as follows: *a.* Upon the original hearing before said committee the appellee claimed and without objection offered evidence to prove, that it had not taken any land of the appellant by said layout and change of said highway, and that if the appellant did own any land within said layout, said land had already at the time of said layout become, by dedication or by immemorial usage, subject to the easement of public travel, and had in fact become and then was a public highway, to as complete a degree as it became by such layout, and that no damage had resulted to the appellant from said layout. *b.* A majority of said committee found as thus claimed by the appellee. *c.* Said committee, after said recommittal, did not hear evidence or counsel, it being under-

---

* The second ground of remonstrance was that the committee " did not decide the matter submitted to them, and made no assessment of damages; but decided a matter not submitted to them, that the city of Putnam had not taken any land belonging to the plaintiff, and that no error existed in said assessment."

stood by the parties that there was to be no further evidence or hearing of counsel by said committee, but that the new report was to be made upon the hearings had before the first report was made. *d.* After said matter was recommitted as aforesaid, to said committee, and before any meeting of said committee after such recommittal, Mr. J. F. Carpenter, one of the attorneys for the appellee, informed the committee, none of whom were present at the time of the hearing and recommittal, by communicating with Mr. Baker, one of the majority, and stating to him the ground for the recommittal; and afterwards, before said committee met, but on the day appointed for them to meet, said Carpenter sent by mail to said Buck, one of said committee, a typewritten report ready for the signatures of the committee, which was by said Buck handed to the majority members of said committee, and was by them afterwards signed and returned to me, and became the second report. 7. The appellant claimed that the facts stated in the petition were admitted by the appearance of the appellee and the appointment of the committee at its request, that the committee could not consider and determine the question whether by said layout the appellee had taken any land of the appellant, that it was the duty of said committee to make a reassessment of the damages, and that said report ought to be rejected upon both grounds in his remonstrance. The appellant also claimed that upon the appellee's claim that it had not taken any land of the appellant and made no assessment therefor, the record should be corrected to show such fact, and that the appellant was entitled to costs. 8. The said claims were overruled, and judgment rendered in behalf of the city.

The appeal assigns error in overruling the appellant's remonstrance to the report of the committee.

*Donald G. Perkins,* for the appellant (plaintiff).

*Charles E. Searls,* for the appellee (defendant).

HAMERSLEY, J. The city of Putnam laid out and altered

a highway in pursuance of the authority contained in its charter.

Upon a hearing, duly had in accordance with the provisions of the charter, it was found and determined that all the adjoining. proprietors whose land was included within the lines of said layout and alteration, suffered no damage by reason of such taking of their lands. This appellant, one of the adjoining proprietors, claiming to be aggrieved by the action of the city in failing to award him any damages, took an appeal to a judge of the Superior Court, alleging this grievance, and asking a reappraisal in pursuance of the city charter.

Such appeal is, in effect, an action whereby the Superior Court, through a judge sitting in chambers, may determine the legality of the municipal action complained of, and grant appropriate relief. *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 602. The judge may find the facts involved, whether they relate to the preliminary question of the alleged grievance, or to a reassessment of damages, either by himself or through a committee appointed by him for that purpose. In this case, by agreement of parties the court appointed a committee to find the facts, and the findings of that committee when accepted by the court became the findings of the court.

The report of the committee in this case finds that " no benefits or damages resulted or accrued to Alfred H. Potter, or his said property, by reason of said layout or relay; and we find no error to exist in such assessment." A remonstrance to this report was filed and overruled, and the judge accepted the report and adjudged as follows : " I reappraise and reassess the damages accruing to the petitioner from the doings of said city described in the petition, at nothing, and I reappraise and reassess the benefits accruing to the petitioner, at nothing, and I award the costs of said reappraisal and reassessment to the appellee."

The main claim urged by the appellant is that the committee erred in finding that the appellant suffered no damage by the taking of his land, and the court erred in appraising such damage at nothing, because it appears in the finding that at the hearing before the committee evidence was intro-

duced by the appellee, without objection, showing that the land of the appellant within the line of the layout was then subject to the easement of a public highway, and that no additional servitude was imposed upon the appellant's land by the layout as made by the city.

The admission of that evidence was not a valid ground of remonstrance. It was plainly relevant to the question of damage. Nor was it error to appraise the damage at nothing.

The appellant claims that he was entitled to recover at least nominal damages and his costs. We do not think the reasons on which this claim is based are sound. The appellant urges, first, that the complaint alleges that the city did take his land for a highway, and that this allegation could not be disproved because the parties went to trial without pleadings other than the complaint. The proceedings certainly were informal. There is no settled practice in actions of this kind, and possibly some elasticity in form is not undesirable. In this case the parties agreed to a reference of the complaint, without other pleadings, to the committee to reassess benefits and reappraise damages. We think this should be treated as equivalent to a stipulation that the parties might introduce before the committee any proper evidence in support or denial of the material allegations of the complaint. If, however, we were to assume that land owned by the appellant is included within the lines of the layout, it does not follow of necessity that he is entitled to some damage. The concession cannot be extended so as to exclude proof that the land thus included in the layout is already subject to the easement of the public, and that no additional servitude is imposed upon it; and if such burden is established by proof, the owner is not necessarily entitled to some compensation, as he would be if the land were not already burdened by the public easement.

But it is said, secondly, that the city appraised the damage to the appellant's land, and assessed the benefits by reason of the layout, as equal, and thereby admitted that the plaintiff was entitled to some damage; that the city is now estopped by this admission, and that the Superior Court, al-

though it may find no actual damage, is nevertheless bound to appraise the damage at a nominal sum.

In this action the Superior Court must determine the existence of damage, as well as the amount, if any damage is found. Assuming that the action of the city in finding the damages and betterments to be equal, involved a finding that some damage existed, the Superior Court is bound by this finding no more than it would be by a finding of the amount of damage.

The trial judge correctly decided that the action of the committee in using for their report a form which had been prepared by one of the counsel, as set forth in the finding, was not conclusive proof of partiality or of such misconduct as would invalidate the finding of the committee.

There is no error.

In this opinion the other judges concurred.