## PUBLIC SERVICE COMPANY OF INDIANA ET AL. *v*. CITY OF LEBANON.

[No. 27,179. Filed March 29, 1939.]

*Evans & Hebel, Owen S. Boling, Parr, Parr & Parr,* and *Rogers & Smith,* for appellants.

*Roscoe E. Hollingsworth, Adney & Adney,* and *Thomas O. Beck,* for appellee.

FANSLER, J.—This is an appeal from a judgment in the case involved in the appeal in *City of Lebanon* v. *Public Service Co. of Indiana et al.* (1938), 214 Ind. 295, 14 N. E. (2d) 719. In that case there was a mandate to the trial court to enter judgment for the city of Lebanon and to appoint appraisers as provided by statute. The statute provides for the appointment of disinterested freeholders who are residents of the county. When the mandate was certified to the court below judgment was entered, and appraisers were appointed and described in the judgment as "disinterested freeholders each of whom is a resident of Boone County, Indiana." The defendants at the time challenged the competency of the appraisers "upon the ground that each of said appraisers is a resi-

dent of Boone County, Indiana." The court overruled the challenge, from which ruling this appeal is taken.

The appellants contend that the appraisers are not disinterested because they are residents of Boone County, in which the city of Lebanon is located; that, by the terms of chapter 293 of the Acts of 1935 (Acts 1935, p. 1447), the municipality may operate a public utility at any place within the county; that when the city acquires the utility property it is authorized to serve every resident of the county; that the cost of service to residents of the county depends upon the cost to the city of the utility to be condemned; and that, since every resident of the county is a potential future customer of the plant, each is interested in procuring the plant for the city at the lowest possible price.

This contention is too far-fetched to be taken seriously. The property here sought to be condemned does not cover the whole county, and there are other provisions of the statute which preclude the municipality from condemning property within the confines of other municipalities. There are five other municipalities within the county.

The appellants rely upon the cases which hold that a taxpayer of a city is disqualified from acting as a juror in an action against the city for damages which must be paid from taxes. But here we are dealing with merely a possible future interest. There was no attempt to show that the appraisers live within the territory served by the utility property which it is sought to condemn, and it must be assumed that they do not. If the possibility of being a future customer of a public utility is sufficient to disqualify an appraiser, it might in many cases be impossible to procure disinterested appraisers within the state.

Upon every other question sought to be presented the

appellants are concluded by the judgment above referred to.

Judgment affirmed.