PUBLIC SERVICE COMPANY OF INDIANA, INC., ET AL. *v.* CITY OF LEBANON.

PUBLIC SERVICE COMPANY OF INDIANA, INC., ET AL. *v.* CITY OF LEBANON ET AL.

[Nos. 27,793, 27,837. Filed February 9, 1943.]

80

*Rogers & Smith* and *Parr, Parr & Parr*, all of Lebanon, and *Evans & Hebel*, of Indianapolis, for appellant.

*Scifres & Hollingsworth, Adney & Adney*, and *Thomas O. Beck*, all of Lebanon, for appellees.

SHAKE, J.—In 1937 the City of Lebanon commenced an action against the Public Service Company of Indiana for the purchase of its electric utility system located in said city and in adjacent territory. This was cause No. 13623 in the Boone Circuit Court. Objections to the complaint in the nature of a demurrer were sustained and the city refused to plead over. There was judgment for the company and the city appealed to this court which reversed the judgment with directions for further proceedings. *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 14 N. E. (2d) 719.

Subsequently, the court below entered an order appointing appraisers to determine the value of the

property sought to be acquired and the company appealed; that judgment was affirmed. *Public Service Company of Indiana* v. *City of Lebanon* (1939), 215 Ind. 400, 19 N. E. (2d) 944. The appraisers fixed the value of the property at $172,636.90, to which both parties excepted. There was a jury trial resulting in a verdict for $210,000 on June 29, 1940. Judgment was entered on the verdict on September 10, 1940, and the company again appealed. This court affirmed the judgment and denied a rehearing on October 16, 1941. *Public Service Co. of Indiana* v. *City of Lebanon* (1941), 219 Ind. 62, 34 N. E. (2d) 20, 36 N. E. (2d) 852. An appeal to the Supreme Court of the United States was dismissed for want of a substantial federal question on March 16, 1942. *Public Service Company of Indiana* v. *City of Lebanon* (1942), 315 U. S. 786, 86 L. Ed. 1191, 62 S. Ct. 908. On April 20, 1942, the mandate of the Supreme Court of the United States was issued to the clerk of this court.

On May 9, 1942, the City of Lebanon paid to the clerk of the Boone Circuit Court $210,000 for the use and benefit of the company as the purchase price for said utilities property, and made a demand on the company for the property. On the same day the company filed a suit to enjoin the city from taking possession. A restraining order, without notice, was issued which was afterwards continued as a temporary injunction, but upon final hearing the temporary injunction was dissolved and it was adjudicated on July 9, 1942, that the company take nothing by its complaint. A motion for a new trial was overruled, and the company appealed to the Appellate Court of Indiana which affirmed the judgment. *Public Service Company of Indiana* v. *City of Lebanon* (1942), 44 N. E. (2d) 526. This case is before us on a petition to transfer under § 4-215. Burns'

1933. A transfer is now granted and the cause has been docketed as No. 27837 in this court.

Thereafter, on August 21, 1942, the City of Lebanon filed an action in the Boone Circuit Court naming said company and its district manager as defendants. It was charged in the complaint that the city had paid to the clerk of the court, for the use of the company, the sum adjudged to be the value of the electric system and that it had taken possession thereof, but that the company was interfering with said possession and threatening to continue so to do. A restraining order without notice was granted as prayed for. An issue was thereafter formed by the filing of a special answer in the nature of a general denial and, upon hearing, a temporary injunction similar to the restraining order was issued. From the granting of that order the company took an interlocutory appeal to this court, which is designated in the caption as cause No. 27793.

The questions sought to be presented by both appeals are substantially the same. The city claims that having paid the full purchase price for which it was authorized to acquire said electric system it is entitled to the unqualified possession thereof, and that if the appellant has any claim for additions or betterments it may prosecute an action for damages therefor. The company asserts that between the time when the jury returned the verdict upon which the purchase price was fixed and the payment thereof, the appellant, in discharge of the obligation resting upon it as an operating public utility, had been required to and had made necessary changes, additions, extensions and improvements to its electric system; that these additions and improvements had become an integral and inseparable part of such system; that the aggregate cost thereof to the appellant was in excess of $50,000; and that the

city was threatening to take this property without condemnation and without paying or tendering compensation therefor. The appellant also says that it cannot deliver possession of the property which the city purchased, without surrendering the additions which it has made thereto, and that to force it to sue for damages for the taking of the latter would deprive it of property without process of law.

It seems clear that both parties have lost sight of the nature of the proceeding under which the city undertook to acquire the property, and that each of them has misconceived its remedy. Both apparently concluded that the action under which the city proceeded in the first instance was primarily one for the exercise of the power of eminent domain, and that the action was ended when the value of the property sought to be taken was finally adjudicated. They have apparently overlooked the fact that the Shively-Spencer Act of 1913 authorized holders of municipal franchises to voluntarily surrender the same, and to accept indeterminate permits in lieu thereof upon the express condition that public utilities operated thereunder might be purchased by municipalities. The appellant surrendered its municipal franchise and accepted such an indeterminate permit. *Public Service Co. of Indiana* v. *City of Lebanon* (1941), 219 Ind. 62, 34 N. E. (2d) 20, 36 N. E. (2d) 852.

The original Shively-Spencer Act provided that the necessity for the purchase of a utility property by a municipality should be determined by the circuit or superior court of the county, and that the compensation to be paid should be fixed by the Public Service Commission, subject to judicial review. Acts 1913, ch. 76, §§ 100 to 109. The acceptance of the provisions of this act by the holder of an indeter-

minate permit created a binding contract between it and the State which was in no wise dependent upon the power of eminent domain.

In 1933 the Shively-Spencer Act was amended to provide that the determination of the necessity of purchase should be made by the municipal council, instead of a court, and so that the consideration to be paid should be fixed by the circuit or superior court in accordance with the procedure prescribed for condemnation, rather than by the Public Service Commission. Acts 1933, ch. 190, §§ 10, 14 and 18b. It has been held that these amendments do not impair the obligations of contracts that arose from the acceptance of the provisions of the act of 1913. *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 14 N. E. (2d) 719; *Southern Ind. Gas & Electric Co.* v. *City of Boonville* (1939), 215 Ind. 552, 20 N. E. (2d) 648; *Public Service Co. of Indiana* v. *City of Lebanon* (1941), 219 Ind. 62, 34 N. E. (2d) 20, 36 N. E. (2d) 852. We look to the eminent domain statute (§ 3-1701 *et seq.*, Burns' 1933) then as merely prescribing the procedure under which the compensation to be paid shall be determined, rather than as creating an independent right in the city to acquire property or as recognizing in the utility company a property right superior to that which has already been contracted away.

After providing for the forming of issues, trial and judgment on exceptions to the report of appraisers fixing damages in a condemnation proceeding, the eminent domain act directs that "the court may make such further orders, and render such findings and judgment as may seem just." In construing this provision this court said in *City of Lebanon* v. *Pub-*

*lic Service Company of Indiana* (1938), 214 Ind. 295; 306, 14 N. E. (2d) 719:

> "The evident purpose of this provision is to enable the court to meet any contingency or situation that might arise and to provide for full and just compensation to the owner of all the property, including extensions, additions, capital expenditures, etc., made after the proceedings are commenced. It is the evident purpose of the statute, by the provisions cited, to vest the trial court, on appeal, (from the assessment of damages by the appraisers), with full power and authority to adjust the compensation to be paid to the owner in a manner to satisfy conditions arising subsequent to the appraisement, otherwise there would be no occasion for any 'further orders' by the court."

The statute therefore vested the trial court with specific authority to entertain further proceedings in the original condemnation action to determine whether the appellant was entitled to compensation by reason of additions and improvements necessarily made to its property after the purchase price was determined. In *Southern Indiana R. Co.* v. *Railroad Commission, etc.* (1909), 172 Ind. 113, 119, 87 N. E. 966, this court said: "Nothing is better settled than, when the legislature specifically prescribes an adequate legal remedy, that alone is open to the litigant."

The trial court likewise had ample authority to make its judgment effectual so far as the appellee's right to possession was concerned. In *Rooker* v. *Fidelity Trust Co.* (1926), 198 Ind. 207, 212, 151 N. E. 610, this court said:

> "It is settled by authority, that after a final decree upon the trial of the merits of the case, by which the rights of the parties are settled, such further orders or decrees that may be necessary will be made to carry into effect the very rights

decided upon the trial of the merits of the case, and that court will hear and determine and establish by order or decree anything necessary, that may be auxiliary to, or in execution of, the final decree on the merits."

The eminent domain act provides that:

"If the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated, for the uses stated in such complaint, subject to the appeal provided for in section five of this act [§ 3-1705]. But the amount of such benefits or damages shall be subject to review as provided in the next section [§ 3-1707]." Acts 1905, ch. 48, § 7, p. 59, § 3-1708, Burns' 1933.

The provision that, after judgment fixing the damages to be paid, the court may make such further orders and render such (further) judgment as may seem just is in the succeeding section of the act, although the sections are transposed in Burns' Revision. Acts 1905, ch. 48, § 8, p. 59, § 3-1707, Burns' 1933. Bearing in mind the order in which these sections appear in the act of which they are a part and reading them together, as we must, § 8 (§ 3-1707, Burns' 1933) must necessarily contemplate the propriety of further proceedings after the damages initially determined have been paid and possession has passed. *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. (2d) 480. This can only mean that the trial court shall have continuing jurisdiction to "provide for full and just compensation to the owner of all the property, including extensions, additions, capital expenditures, etc., made after the proceedings are commenced," as was said in *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 14 N. E. (2d) 719. This jurisdiction ought

to be exercised in such a manner, however, that the appellant may not be deprived of any of its property without due process of law, and that it may not be required to assume the burden of prosecuting an independent action in damages to recover the value of improvements which were reasonably necessary for the maintenance and functioning of its electric system. Until the city actually pays the purchase price the utility has no assurance that the undertaking to acquire the property may not be abandoned by the city. *State* v. *Flamme* (1940), 217 Ind. 149, 26 N. E. (2d) 917. In the meanwhile it is incumbent on the utility to furnish adequate electric service to the community or run the risk of being mandated to do so or of losing its permit. *Columbus* v. *Mercantile Trust & Deposit Co.* (1910), 218 U. S. 645, 54 L. Ed. 1193, 31 S. Ct. 105; *State ex rel.* v. *Marion Light, etc., Co.* (1910), 174 Ind. 622, 92 N. E. 731; *State ex rel. Consumers Gas Trust Co.* (1901), 157 Ind. 345, 61 N. E. 674, 55 L. R. A. 245.

It follows that jurisdiction to determine the appellant's right to additional compensation and the appellee's right to possession are properly in cause No. 13623, which, for these purposes, must be considered as still pending in the Boone Circuit Court. Inasmuch as these questions must ultimately be litigated in that forum and action, we deem it proper to suggest what the form of the procedure there may be. The city's right to acquire the appellant's electric system has, of course, been finally determined. The court below may, however, adjudge that the appellant is entitled to a purchase money lien on the property acquired by the city for the sum fixed as compensation for the additional improvements. The trial court may then proceed to determine the reasonable value of such

improvements as were necessarily made subsequent to the prior adjudication and may, by appropriate orders, see that its judgment is carried out. Ample authority for this mode of procedure is found in that part of the eminent domain statute which empowers the court to "make such further orders and render such findings and judgment as may seem just." It is not necessary that the compensation for the additional improvements shall be determined and actually paid or tendered before possession passes since, as we have already said, the foundation of the city's right to acquire the property is contractual. There is no such requirement in the contract and Section 21 of Article 1 of the State Constitution has no application to a case of this character.

Another proposition relied on by the appellant as ground for an injunction in its favor in cause No. 27837, and for denying the appellee's application for an injunction in cause No. 27793, is that the purchase of the appellant's electric system was never authorized by the voters of the City of Lebanon, as required by § 48-7201, Burns' 1933. To sustain this contention it was established that in the campaign that immediately preceded the special election at which the proposal of purchase was submitted to the voters of said city, the mayor, common council and board of public works represented to the public in newspaper advertisements and handbills that not to exceed $150,000 would be expended to purchase said utility. No official commitment was made in the proceedings of the city council as to the amount of money that might be expended on said undertaking and the question submitted to the voters by the ballot used at said election contained no such limitation. It has not been charged that the election was void or that the voters were coerced. Under these circumstances it cannot be judicially de-

clared that the election was not effectual to accomplish the purpose contemplated by the statute under which it was held. The courts may not go behind the result of an election to ascertain the persuasions that motivated the voters. *Detroit United Railway* v. *City of Detroit* (1921), 255 U. S. 171, 41 S. Ct. 285, 65 L. Ed. 570; *Kansas Power Co.* v. *City of Washington* (1937), 145 Kan. 962, 67 P. (2d) 1095; *Epping* v. *City of Columbus* (1903), 117 Ga. 263, 43 S. E. 803; *Anselmi* v. *City of Rock Springs* (1938), 53 Wyo. 223, 80 P. (2d) 419, 116 A. L. R. 1250.

Although no special answer of former adjudication was filed to this complaint, it is quite apparent that the validity of the election has been determined. That subject was before this court in *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 14 N. E. (2d) 719, in which it was said:

"In addition, the appellee does not charge that any fraud or corruption was committed, or that the legal voters of the city were deprived of their free and untrammeled right to express their opinion upon the subject for which the election was called."

We have said that the jurisdiction of the subject-matter of this litigation is in the Boone Circuit Court. That said court is one of general jurisdiction with power to grant injunctions cannot be denied. However, the cases under consideration were before special judges of that court in proceedings which are wholly independent of cause No. 13623. Such judges, therefore, had no jurisdiction in that cause, although a special judge may be appointed therein upon a proper showing. It is beyond our power to confer jurisdiction upon said judges by remanding these cases for further proceedings.

The judgment in causes No. 27793 and No. 27837 are

each reversed, and the proper special judges of the Boone Circuit Court are directed to enter orders dismissing, for want of jurisdiction, the proceedings in which the same were entered, all without prejudice to the rights of the parties to institute supplemental proceedings in cause No. 13623 in said court, which is deemed to be pending for that purpose.

NOTE.—Reported in 46 N. E. (2d) 480.