STATE OF INDIANA *v.* CHARLES SMITH ET AL.

[No. 571S148.  Filed July 3, 1973.]

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellant.

*Brunner, Brown & Brunner,* of Shelbyville, for appellee.

ARTERBURN, C.J.—This appeal, filed May 28, 1971, from a highway condemnation award comes directly to this Court by virtue of IC 1971, 32-11-1-8 [*Burns' Ind. Stat. Ann.* § 3-1707 (1968 Repl.)] since present Appellate Rule 4, abrogating statutes providing for direct appeal to the Supreme Court of Indiana, had not yet become effective at the time of the perfection of this appeal.

The case began in April of 1959, when the state filed an action in Shelby Circuit Court for condemnation of Defendants-Appellees land. The defendants filed objections, and a hearing was held on July 16, 1959, the Court finding that the state had the right to exercise the power of eminent domain. The Court appointed three disinterested freeholders to appraise the land and the appraisers were instructed after being sworn. On August 1, 1959, the appraisers filed their report. The defendants and the state filed exceptions to that report. Defendants then dismissed their exceptions to the appraisers' report, and the Court granted a petition for an order directing the Clerk to pay the appraisement award to defendants. Defendants withdrew the amount of the award on September 16, 1959.

More than a year later, the Court-appointed appraisers petitioned the Court to withdraw their report for the reason that the report had been based upon belief and information that the state would provide a service or frontage road by which the defendants would have a means of ingress and egress to that portion of their land cut off by the construction of the highway, but such an access road had not in fact been built.

For reasons not disclosed by the record, the case lay dormant at this point until nine years later, 1969, by which time two of the original appraisers had died. The Court then appointed two new appraisers to join with the one living original appraiser in a re-appraisal. On December 17, 1969, the Court

instructed this new group of three appraisers. These appraisers filed their re-appraisement on January 3, 1970. On March 18, 1970, the state filed a "Motion to Strike From the File, Report of the Appraisers and to Discharge Appraisers." On November 30, 1970, the Court overruled this motion. On December 3, 1970, defendants filed a motion for summary judgment, Trial Rule 56(B), (C). On December 17, 1970, the Court granted this motion and issued a decree allowing the defendants the increased compensation found to be owing the defendants by the re-appraisal. On January 20, 1971, the state filed a motion to set aside the summary judgment, and Judge Ellison transferred the hearing on said motion to his predecessor, Judge Barger, who had presided at all previous hearings in this case. The state objected to this transfer. Judge Barger overruled the state's Motion to Set Aside the Summary Judgment, and the state perfected this appeal.

Since we affirm the judgment and procedure of the trial court, we will discuss Appellant's contentions in the inverse order of their importance.

(1) Appellant alleges that it was error for the Court to accept the second appraisers' report because said report was prepared on stationery supplied by the defendants' attorneys. Appellant does not claim that the award was excessive nor does he offer any proof nor does he cite a case; appellant does not even offer a chain of suppositions to bolster the innuendo that the appraisers were not "disinterested" as required by IC 1971, 32-11-1-4 [*Burns' Ind. Stat. Ann.* § 3-1704 (1968 Repl.)]. It has been held that even if opposing counsel prepare the report, partiality or misconduct has not been conclusively proved, *Potter* v. *City of Putnam* (1901), 74 Conn. 189, 50 A. 395.

(2) Appellant asserts that the trial court, by Judge Ellison, erred in transferring the hearing on the appellant's motion to set aside the summary judgment to Judge Barger, at the time a private attorney. The Appellant again cites no

cases in support of its position. Said position in essence is a bare assertion that Trial Rule 63 does not pertain to motions and orders and decrees granting motions for a summary judgment. The words of the rule are plain.

> "The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded . . ."

A summary judgment hearing is without doubt part of a "trial of a cause." The principle behind Trial Rule 63 is obviously that a judge who has directed a trial is, if available, the best person to rule on post-trial motions. The former Supreme Court Rules I-8 and I-9 also adopted this principle, *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 33 N. E. 2d 771. The theory underlying the Rule is that the trial judge has continuing jurisdiction as if he had been appointed special judge, *cf. State of Indiana ex rel. Williams E. Harp* v. *Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N. E. 2d 254.

(3) Appellant further alleges that "the Court erred in overruling State's Motion to Strike from the files Report of Appraisers and to discharge Appraisers, where the Court had failed to instruct such second appraisers in writing and require them to file an oath as provided by statute and where report was not filed within time twice set by statute."

(a) In point of fact, the applicable statutory provision IC 1971, 32-11-1-6 [*Burns' Ind. Stat. Ann.* § 3-1706 (1968 Repl.)] does *not* require that the appraisers be instructed "in writing." It is true that the record does not reveal that the second group of appraisers took an oath, pursuant to IC 1971, 32-11-1-6 [*Burns' Ind. Stat. Ann.* § 3-1706 (1968 Repl.)]; however, the "report" of these appraisers recites that both on the day of their appointment, December 13, 1969, and on the day of their "view" of the real estate, December 17, 1969, they were

"duly sworn" by the "Court." Since Appellant made no timely objection to the claimed oversight in oath-taking and makes no attempt to indicate in what way it was harmed by this technical defect, we find no merit to Appellant's contention.

(b) Appellant's contention that the appraisers' report was not filed within the ten (10) days specified by the statute, IC 1971, 32-11-1-9 [*Burns' Ind. Stat. Anno.* § 3-1707(a) (1968 Repl.)] is countered by Appellees who assert that said provision was a 1961 amendment to the Eminent Domain Act of 1905 and is therefore, inapplicable to a proceeding begun in 1959 under the well-established rule that absent a contrary legislative intent statutes should be given prospective effect only. *State ex rel. Uzelac v. Lake Criminal Court* (1965), 247 Ind. 87, 212 N. E. 2d 21; *City of Indianapolis v. Wynn* (1959), 239 Ind. 567, 159 N. E. 2d 572; *Malone v. Conner* (1963), 135 Ind. App. 167, 189 N. E. 2d 590. It is true that as to pending proceedings new legislation which merely modifies procedure, while providing a remedy substantially similar to the existing one, may be operative. *Hine v. Wright* (1941), 110 Ind. App. 385, 36 N. E. 2d 972. Nevertheless, the state has not asserted, let alone proved, how it was harmed by the delay in the submission of the Report. Consequently, we do not decide whether or not the ten (10) day requirement was applicable in this case.

(4) The Appellant also asserts that it was error for the Court to grant summary judgment for the defendants. The gravamen of such an issue is whether or not there existed a "genuine issue as to any material fact," Trial Rule 56(C). Instead of responding with the affidavits specified by Trial Rule 56(E), Appellant filed a pleading it denominated "Verified Response In Opposition to Motion For Summary Judgment and Renewed Motion To Strike From the Files Report of Appraisers and to Discharge Appraisers." The substance of this document was ten (10) allegations of procedural errors all of which were inapposite either because not applicable by the terms of the Eminent Domain Act of

1905, or for the reasons discussed under (3) above. Thus, appellant did not in fact contest any of the material facts of the appraisers' report. Therefore, the granting of summary judgment to defendants was not incorrect.

(5) Appellant's most perplexing allegation is that the Court's decision to allow the original appraisers to withdraw their written report was error. Appellees agree with the Appellant that this procedure is without precedent. Appellant is content to offer only this lack of authority as a reason for our requiring a new trial. The state again neither asserts nor proves how it has been prejudiced.

Moreover, the statute does provide that the Court, after hearing and determining the exceptions filed to the appraisers' report, should make such further orders and render such findings and judgment as justice requires, IC 1971, 32-11-1-8 [*Burns' Ind. Stat. Ann.* § 3-1707 (1968 Repl.)]. Because of this broad grant of power and notwithstanding the general rule that in a statutory condemnation proceeding the statute must be followed, *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N. E. 2d 66; *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480, we find that the trial court acted within its statutory power. As we said in construing the statute in *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 306, 14 N. E. 2d 719, 724:

> "The evident purpose of this provision is to enable the court to meet any contingency or situation that might arise, and to provide for full and just compensation to the owner of all the property, including extensions, additions, capital expenditures, etc., made after the proceedings are commenced."

And in a later consideration of the same controversy we stated that:

> "The statute therefore vested the trial Court with specific authority to entertain further proceedings in the original condemnation action to determine whether the appellant

was entitled to compensation by reason of additions and improvements necessarily made to its property after the purchase price was determined."

*Public Service Company of Indiana* v. *City of Lebanon* (1943), 221 Ind. 78, 87, 46 N. E. 2d 480, 484.

The Court went on to conclude that the statute

"must necessarily contemplate the propriety of further proceedings after the damages initially determined have been paid and possession has passed. *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480. This can only mean that the trial court shall have continuing jurisdiction to 'provide for full and just compensation to the owner of all the property, including extensions, additions, capital expenditures, etc., made after the proceedings are commenced,' " as was said in *City of Lebanon* v. *Public Service Company of Indiana* (1938), 214 Ind. 295, 306, 14 N. E. 2d 719, 724.

*Lebanon, supra,* 221 Ind. at 88, 46 N. E. 2d at 484.

For all of the aforementioned reasons, we think the procedure followed by the trial court adequately achieved justice and brought protracted litigation to a close. We, therefore, affirm the procedure and judgment of the trial court.

All Justices concur.

NOTE.—Reported in 297 N. E. 2d 809.