**Hubert BAILEY, Claimant-Appellant,**

v.

**Mary SULLIVAN, As Administrator of the Estate of Nora Wright, Deceased, Defendant-Appellee.**

**No. 1–481A127.**

Court of Appeals of Indiana,
First District.

March 10, 1982.

John A. Kesler, II, Kesler & Stark, Terre Haute, for claimant-appellant.

RATLIFF, Presiding Judge.

This is an appeal from a judgment in favor of the Estate of Nora Wright on the claim of Hubert Bailey against the estate. We dismiss the appeal for Bailey's failure to file a timely praecipe under Ind. Rules of Procedure, Appellate Rule 2(A).

The case was tried before the Honorable Harold J. Bitzegaio, regular judge of the Vigo Superior Court, Division One, on August 6, 1980. On November 12, 1980, judgment adverse to the claimant was entered. On January 9, 1981, Bailey filed a motion to correct errors which was overruled on January 16th by Judge Bitzegaio. Bailey filed a praecipe for a complete transcript on March 10, 1981, more than thirty (30) days

after the ruling on the motion to correct errors. However, Judge Bitzegaio was defeated in the November 1980 general election and no longer was the judge of the court on January 16, 1981, but was a private attorney on that date. On April 14, 1981, Bailey filed a motion with the Vigo Superior Court asserting that Judge Bitzegaio had no authority on January 16, 1981, to rule on the motion to correct errors and requested the new judge to rule thereon. Accordingly, the new judge entered an order overruling the motion to correct errors on April 14, 1981. An amended praecipe was then filed by Bailey on April 15, 1981, and this appeal ensued.

■ The obvious issue in this case is whether or not Judge Bitzegaio had the authority to rule on the motion to correct errors on January 16, 1981, when he was no longer the regular judge. If he did, Bailey's praecipe was filed too late, and this appeal must be dismissed.

Indiana Rules of Procedure, Trial Rule 63(A) provides in relevant part:

"(A) Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. . . . "

We believe the holding of our supreme court in *State v. Smith*, (1973) 260 Ind. 555, 297 N.E.2d 809, compels us to hold that Judge Bitzegaio properly ruled on the motion to correct errors. In *State v. Smith, supra*, an eminent domain case, Judge Barger, the regular judge of the Shelby Circuit Court, granted a summary judgment on December 17, 1970. Barger's term expired on December 31st. On January 20, 1971, the state filed a motion to set aside the summary judgment. Judge Ellison, then the circuit judge, transferred the matter to Barger who was at that time a private attorney. Chief Justice Arterburn writing for our supreme court stated:

"Appellant asserts that the trial court, by Judge Ellison, erred in transferring the hearing on the appellant's motion to set aside the summary judgment to Judge Barger, at the time a private attorney. . . . The words of the rule are plain.

'The judge who presides at the trial of a cause or a ·hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded . . .'

"A summary judgment hearing is without doubt part of a 'trial of a cause.' The principle behind Trial Rule 63 is obviously that a judge who has directed a trial is, if available, the best person to rule on posttrial motions. The former Supreme Court Rules I–8 and I–9 also adopted this principle, *State ex rel. Hodshire v. Bingham, Judge* (1941), 218 Ind. 490, 33 N.E.2d 771. The theory underlying the Rule is that the trial judge has continuing jurisdiction as if he had been appointed special judge, *cf. State of Indiana ex rel. Williams E. Harp v. Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N.E.2d 254."

260 Ind. at 557–558, 297 N.E.2d 809.

We believe the holding in the *Smith* case is clear. Judge Bitzegaio was the proper person to rule on the motion if he were available. That he was available is manifest from the fact that he did rule on the motion.

■ It is also our opinion that the second ruling on the motion to correct errors entered on April 14, 1981, was of no effect and did not revive Bailey's right to file a praecipe within the time constraints of Appellate Rule 2(A). In *Wadkins v. Thornton*, (1972) 151 Ind.App. 380, 279 N.E.2d 849, the record revealed that the trial court overruled the motion to correct errors on May 26, 1971. No transcript was filed with this court within ninety days of that date as required by Ind. Rules of Procedure, Appellate Rule 3(B). On August 13, 1971, the trial court reentered its order of May 26, 1971, in these words: "By agreement, the

order over-ruling [sic] the Motion to correct errors is now re-entered as of July 1, 1971." 151 Ind.App. at 382, 279 N.E.2d 849. No explanation or reason was given for the August 13 entry. This court dismissed the appeal holding the trial court did not have power subsequent to overruling the motion to correct errors to change the date of that ruling to a later date without good cause being shown. Judge Buchanan writing for this court stated:

"Wadkins has made no effort to obtain from this court an extension of time within which to file his Transcript. The nugatory action of the trial court on August 13, 1971, reentering its judgment of May 26, 1971 to July 1, 1971, was an attempted feat of legerdemain which did not toll the time within which to perfect an appeal; nor was it aided by the agreement of the parties and our assumption the trial court and the parties acted in good faith. Rules AP. 3(B) and 14(A) cannot be defeated in this manner."

151 Ind.App. at 387, 279 N.E.2d 849. The holding in *Wadkins* is consistent with that of our supreme court under the former rules in a case where the trial court set aside its action overruling a motion for a new trial, reinstated its judgment, and again overruled the motion for a new trial, attempting thereby to extend the ninety day period for the appellant to file a transcript. It was held that such action was void and "did not affect the judgment rendered or toll the time within which to perfect the appeal." *McIntosh v. Monroe,* (1953) 232 Ind. 60, 64, 111 N.E.2d 658.

We are not unmindful of the decisions in *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745; *First National Bank & Trust Company of Crawfordsville v. Coling,* (1981) Ind.App., 419 N.E.2d 1326; *Auto-Teria v. Ahern,* (1976) 170 Ind.App. 84, 352 N.E.2d 774, *trans. denied.* Our holding here is not inconsistent with those cases each of which presented an element of good cause for not strictly enforcing the time constraints of the rules. No good cause was shown here. The only contention of Bailey was that Judge Bitzegaio, no longer holding office as the regular judge, lacked authority to rule on the motion to correct errors. As we have previously shown, that position is erroneous. *Wadkins v. Thornton, supra,* is controlling, and the April 14, 1981, order again overruling the motion to correct errors was a nullity.

Appellate Rule 2(A) provides:

"(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors *or the right to appeal will be forfeited.* A copy of such praecipe shall be served promptly on the opposing parties." (Emphasis added.)

The language of this rule is clear. No praecipe was filed within thirty days of Judge Bitzegaio's order of January 16, 1981, overruling the motion to correct errors. The timely filing of a praecipe is mandatory. *Kelsey v. Nagy,* (1980) Ind.App., 410 N.E.2d 1333. Where the praecipe required by A.R.2(A) is not filed within thirty days after the ruling on the motion to correct errors, the appeal must be dismissed. *Sears, Roebuck & Co. v. Hutchens,* (1973) 260 Ind. 561, 297 N.E.2d 807; *Spencer v. Miller,* (1973) 156 Ind.App. 462, 297 N.E.2d 491; *Bell v. Wabash Valley Trust Co.,* (1972) 154 Ind.App. 575, 290 N.E.2d 454, *trans. denied.* Further, we will dismiss an appeal *sua sponte* where the praecipe is not timely filed because the right to appeal has been forfeited. *State v. Lipp,* (1980) Ind. App., 404 N.E.2d 64.

Appeal dismissed.

NEAL and ROBERTSON, JJ., concur.