Stanley N. SMITH, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 28A01–8910–CR–404.

Court of Appeals of Indiana, First District.

Aug. 15, 1990.

Transfer Denied Oct. 23, 1990.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

ROBERTSON, Judge.

This case is before us after we remanded to the trial court for a specific statement of reasons for imposing seven consecutive two-year sentences. *Smith v. State* (1989), Ind.App., 535 N.E.2d 581. Appellant-defendant Stanley Smith was convicted of driving while intoxicated with a previous conviction, resisting law enforcement, two counts of intimidation, and three counts of battery, all Class D felonies, and criminal recklessness, a Class A misdemeanor. He was sentenced by the then-presiding judge of Greene County Court, Judge Thomas Johnson. After Smith was sentenced, the Greene County Court was abolished, and the Greene Superior Court was created on January 1, 1989. Judge Johnson was no longer a judge in Greene County, and Judge Holt became the presiding judge. After Smith learned of the court of appeals' order, he wrote Judge Holt to suggest that, as the new presiding judge, Judge Holt should fulfill the appellate court's mandate. However, Judge Holt deferred to Judge Johnson to make the record since Judge Johnson had heard the evidence at the sentencing hearing, and had decided to run the sentences consecutively.

Judge Johnson set June 12, 1989 for a hearing on the matter with Smith present. On that day, Smith filed a motion for change of judge, citing Judge Johnson's refusal to state with particularity his reasons for enhancing the sentence as evidence of his bias and prejudice. At the

June 12 hearing, Smith argued that Judge Johnson had no authority to enter a new sentencing decree, because he was no longer a judge in Greene County. Judge Johnson denied Smith's motion for change of judge, and proceeded to set forth his reasons for imposing consecutive sentences. Smith appeals, setting forth the three issues we state in the discussion following. Smith does not cite any inadequacy in the court's sentencing statement.

## ISSUE I

In Smith's first issue, he complains that his motion for change of judge, in which he alleges bias and prejudice of Judge Johnson in his failing to articulate reasons for enhancing Smith's sentence, was improperly denied. Smith filed his motion on the day of the hearing on remand, June 12, 1989. Smith requested that a special judge be appointed to preside over this hearing.

■ The supreme court has interpreted Ind.Crim.Rule 12 to mean that there is no right to a change of judge for the sentencing phase of the proceedings. *Johnson v. State* (1985) Ind., 472 N.E.2d 892.[1] Smith was given the opportunity to be heard on the motion for change of judge, but did not argue his allegations of bias and prejudice, instead asserting that Judge Johnson did not have the proper authority to rule in the case, as he argues in Issue II. At his failure to argue the merits of the change of judge motion, he has waived any error. *See Follrad v. State* (1983), Ind., 451 N.E.2d 635. Under the facts of this case Smith had no right to a change of judge.

## ISSUE II

■ Smith next argues that, because Judge Johnson was no longer presiding in the Greene Superior Court, Judge Holt should have determined the sentence on remand. Ind. Trial Rule 63(A) states:

The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part.

Smith contends that because Judge Johnson was no longer a judge in the Greene Superior Court, he had no jurisdiction to act in his case. Only Judge Holt as duly presiding judge could act unless Judge Holt appointed Judge Johnson as special judge. The supreme court has held otherwise in *State v. Smith* (1973), 260 Ind. 555, 297 N.E.2d 809. In that case, the new presiding judge, Judge Ellison, had transferred the hearing on motion to set aside a summary judgment to Judge Barger, then a practicing attorney, because Judge Barger had presided at all previous hearings in the case. The court reasoned that the theory underlying T.R. 63 was that the trial judge has continuing jurisdiction as if he had been appointed special judge. The holding in *Smith* was followed in *Bailey v. Sullivan* (1982), Ind.App. 432 N.E.2d 75, where the judge who presided over the trial had been defeated in an election by the time he ruled on the motion to correct error.

Judge Johnson was the proper person to make the record on remand, because he had presided over the trial and original sentencing, and was in the best position to document for the record his reasons for imposing consecutive sentences. It was

1. It may be that upon a resentencing, a change of judge may be available upon an actual showing of bias or prejudice.

not necessary for Judge Holt to appoint Judge Johnson as special judge. *See State v. Smith*, 297 N.E.2d at 812. Manifestly, he was also available. There was no error here.

### ISSUE III

■■■ For his final issue, Smith argues that due to the long delay in "resentencing him," he must either be discharged or the court should impose concurrent sentences. The court of appeals' memorandum decision of February 16, 1989, was not certified until May 3, 1989. The record does not disclose any reason for delay beyond the twenty-day period reserved for filing petitions for rehearing or transfer before the opinion may be certified. Ind. Appellate Rule 15(B). At any rate, the trial court could not take any action on remand until the opinion was certified and thereby spread of record. *Wilson v. State* (1984), Ind.App., 472 N.E.2d 932, 934.

The memorandum decision affirmed Smith's convictions on the merits, and found the record supported aggravating factors for imposing consecutive sentences, but concluded the court's recitation of aggravating circumstances lacked specificity. Consequently, the trial court was directed to set out specific reasons for imposing consecutive sentences, or in the alternative, impose the terms concurrently.

Shortly before and soon after the decision was certified, Smith filed several pro se "Writs of Mandamus in Aid of Appellate Jurisdiction" in the appeals and trial courts. He requested that the court return him to Greene County from Westville Correctional Institute for resentencing, or in the alternative, impose the sentences concurrently. On May 9, 1989, within several days of the certification, the court set the matter for hearing on June 12, 1989, and ordered the sheriff to transport Smith to Greene County for the hearing. Nothing appears in the record showing Smith objected to the setting of a hearing. The hearing took place on June 12, in Smith's presence, with the court entertaining Smith's change of judge motion before setting forth the reasons for imposing consec-

utive sentences. The court also gave Smith credit for the time he was incarcerated on the charge, until June 12, 1989.

■■■ Smith cites no authority for his assertion that any delay in the clerk's certifying an appellate decision should mandate his discharge or require that concurrent sentences be imposed. His contention that the court's action on the remand was untimely is wholly meritless. The court was not required to hold any hearing prior to stating its reasons for enhancing Smith's sentence, because the order did not require the court to reconsider the sentence. *See Warthan v. State* (1983), Ind., 443 N.E.2d 1191, 1192. It merely required the court to carry out the formalistic part of the sentencing statute. In setting the matter for hearing, and ordering Smith transported, the court appears to have given Smith partial relief on his writ for mandamus. Smith cannot complain about the delay occasioned by the court's setting the matter on its calendar for 34 days following, especially when Smith did not object to the setting. When a party agrees to a manner for determining his rights in the trial court he cannot claim error on appeal because such procedure was adopted. *Flowers v. State* (1956), 236 Ind. 151, 139 N.E.2d 185.

Smith has not demonstrated how he was harmed by the delay. T.R. 61. In fact, Smith suggests in his brief an alternative remedy: reducing the sentence by the amount of the delay. The trial court did just that when the court specifically credited Smith with the total time he was incarcerated on the charge until the day of the "resentencing," June 12.

We hold that Smith has not sustained this appeal with any assertions of error. Accordingly, we affirm.

Affirmed.

BAKER and SULLIVAN, JJ., concur.