Bruce A. ROBERTS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 485S170.

Supreme Court of Indiana.

Nov. 24, 1986.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Bruce A. Roberts was found guilty by a jury and convicted of attempted murder, a class A felony, Ind.Code §§ 35–42–1–1 and 35–41–5–1 (Burns 1985 Repl.), and battery, a class A misdemeanor, Ind.Code § 35–42–2–1 (Burns 1979 Repl.). He received concurrent sentences of forty years and one year.

In this direct appeal, Roberts presents three issues:

1. May a judge rule on a motion to correct errors when the trial was conducted by his predecessor?
2. Does entering judgment on a verdict on which the foreman signed the "not guilty" section of the verdict form and then crossed it out constitute fundamental error?
3. Is it reversible error for a trial court to deny a defendant's request to change lawyers on the morning of trial?

We affirm.

### I. Ruling by Successor Judge

Judge Charles C. Daugherty presided over Roberts' trial in November 1984 and sentenced him in December. At the close of 1984, Judge Daugherty retired from the bench. Roberts' motion to correct errors was filed in January 1985 and denied by Judge John R. Barney, Daugherty's successor. Roberts asserts that he had a right to a ruling by Judge Daugherty.

The judge who presided at trial is required to rule on the motion to correct errors if he is available. The determination of availability is to be made by the judge then presiding in the court. Ind.Rules of Criminal Procedure, Rule 9.

Appellant correctly argues that Judge Daughterty's retirement does not make him automatically "unavailable" under the rule. State v. Smith (1973), 260 Ind. 555, 297 N.E.2d 809. However, a retired judge may be unavailable by virtue of death, sickness, absence, or unwillingness to act. Cf. Ind.Rules of Trial Procedure, Rule 63(A). In this case, Judge Barney expressly determined that his predecessor was unavailable. He was certainly in the best position to make such a finding and

his determination is cloaked with a presumption of regularity. Roberts has not undertaken to show otherwise and thus fails to sustain his claim for reversal. *Tener v. Tener* (1980), Ind.App., 407 N.E.2d 1198; *Richardson v. State* (1983), Ind., 447 N.E.2d 574.

## II. Verdict Form

The verdict forms used during the trial consisted of a single page for each charge. With respect to the attempted murder, the jury was given three choices: guilty of attempted murder, guilty of battery, not guilty. A signature line for the foreman appeared at the end of each of the three possible findings. It appears that the foreman signed the "not guilty" section of the form, then crossed it out and signed his name under "guilty of attempted murder."

For the first time on appeal, Roberts claims that the trial court erred by entering judgment on the verdict without requiring the jury to clarify or amend its verdict before the jury was discharged. He urges this as "fundamental error."

If a verdict is defective, the trial court is obligated to require that the jury amend it. *Gilmore v. State* (1951), 229 Ind. 359, 98 N.E.2d 677. However, it is only void if the defect is such that the court cannot understand it adequately to pronounce judgment from it. *Page v. State* (1923), 193 Ind. 442, 139 N.E. 143. While the record supporting the regularity of the verdict is not as strong as that presented in *Feliciano v. State* (1985), Ind., 477 N.E.2d 86, it appears that all the parties at trial understood the verdict. The foreman had crossed out those sections of both verdict forms which represented findings not made. The trial judge appropriately entered judgment based on this return.

## III. Continuance to Change Lawyers

On the morning of trial, appellant's counsel orally moved for a continuance to enable Roberts to hire a new attorney. Roberts asserts that the trial court's denial of his request violated his Sixth Amendment right to be represented by counsel.

Whether to grant a defendant's request to change counsel immediately before trial is a matter consigned to the sound discretion of the trial court. *Averhart v. State* (1984), Ind., 470 N.E.2d 666. The trial court's determination will be set aside only when it constituted a clear abuse of discretion which prejudiced the defendant's right to a fair trial. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068.

Motions for continuance to hire a new lawyer made on the morning of trial are particularly disfavored because granting them causes substantial loss of time for jurors, witnesses, lawyers, and the court. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869.

Roberts simply asserts that he wanted to change lawyers. There is not the slightest indication of whom he wanted to hire, why he wanted to change, or what deficiency in the performance of his current counsel prejudiced his rights. The trial court appropriately denied his request.

Accordingly, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.