# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
**CASSANDRA MELLADY**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARY BETH MOCK**
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| IN RE THE PATERNITY OF | ) | |
| V.A., (Minor Child), | ) | |
| | ) | |
| R.A., | ) | |
| | ) | |
| Appellant/Respondent, | ) | |
| | ) | |
| vs. | ) | No. 39A04-1310-JP-512 |
| | ) | |
| B.Y., | ) | |
| | ) | |
| Appellee/Petitioner. | ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable James B. Morris, Special Judge
Cause No. 39C01-1108-JP-28

**May 30, 2014**

**OPINION - FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

This case addresses the interaction between Indiana Trial Rule 76(B), which gives litigants the right to a change of judge, and Indiana Trial Rule 63(A), which requires a judge who hears evidence, if available, to make all rulings relating to that evidence.

In August 2012, after a hearing, Judge Ted Todd issued a final order addressing paternity, custody, child support, and other issues. R.A. ("Father") appealed that order. While the appeal was pending, Father filed a modification petition and a request for a change of judge. Judge Todd granted Father's change-of-judge request, and Judge James Morris ("Special Judge Morris") assumed jurisdiction. When this Court resolved Father's appeal, affirming in part, reversing in part, and remanding in part, a dispute arose over who would rule on the remanded issues—Judge Todd or Special Judge Morris. Special Judge Morris ultimately ruled that Trial Rule 63(A) required Judge Todd, who had since retired and taken senior-judge status, to rule on the remanded issues.

On appeal, Father contends that Trial Rules 76(B) and 63(A) conflict, and his right to a change of judge under Trial Rule 76(B) trumps Trial Rule 63(A)'s preference for the judge who heard the evidence. We conclude that the rules do not conflict; rather, they govern different aspects of Father's case—Father's change-of-judge request under Trial Rule 76(B) applies prospectively to his modification petition and Trial Rule 63(A) operates retroactively to ensure that the remanded issues are considered by the judge who heard the evidence, Judge Todd. We affirm.

## Facts and Procedural History

Father and B.Y. ("Mother") have one child together, V.A.,[1] born in June 2003. Father and Mother were never married. When Mother became pregnant with V.A., Father invited her to move into his home. Mother, her two children, V.A., and Father all lived together in Father's home until June 2011 when Mother took the children and moved to Columbus, Indiana.

Shortly after Mother moved out of Father's home, Father filed a petition to establish V.A.'s paternity, as well as custody, parenting time, and child support. In December 2011 the trial court issued a provisional order establishing parenting time, which included bi-weekly phone calls between Father and V.A. In March 2012 Father filed a contempt petition alleging that Mother had not complied with the provisional order allowing him to have bi-weekly phone calls with V.A. On August 24, 2012, after a prolonged legal battle, Judge Todd issued a final order granting sole physical custody of V.A. to Mother, requiring Father to pay child support, and providing Father with parenting time pursuant to the Indiana Parenting Time Guidelines. The trial court did not address the issue of legal custody or Father's pending contempt petition.

Father appealed the August 2012 order, raising several issues. This Court issued an unpublished opinion affirming in part, reversing in part, and remanding in part. *In re Paternity of V.A.*, No. 39A01-1209-JP-413 (Ind. Ct. App. May 10, 2013). Specifically, this Court remanded the case for the trial court to rule on the issue of legal custody and Father's pending contempt petition. We also directed the trial court to clarify the factual

---

[1] Although Father refers to the child as V.W.A., we refer to him as V.A. in this case to be consistent with our previous decision. *See In re Paternity of V.A.*, No. 39A01-1209-JP-413 (Ind. Ct. App. May 10, 2013).

basis for its child-support order and, if the award deviated from the Child Support Guidelines, to enter findings of facts supporting its decision to deviate from the guidelines.

While Father's appeal was pending before this Court, Father filed a petition to modify custody and child support and a request for a change of judge under Indiana Trial Rule 76(B).[2] The trial court granted Father's motion for change of judge, and Special Judge Morris assumed jurisdiction in early 2013.[3]

After this Court issued its May 2013 opinion, a dispute arose over who would rule on the remanded issues—Judge Todd or Special Judge Morris. Mother filed a motion requesting that Judge Todd, the original trial-court judge who had since retired and begun serving as an active senior judge, rule on the remanded issues. In response, Father argued that because Special Judge Morris had assumed jurisdiction pursuant to Indiana Trial Rule 76(B), he should rule on the remanded issues. Special Judge Morris ultimately determined that Indiana Trial Rule 63(A) required Judge Todd, who he found was available, to rule on the remanded issues.

Father filed a motion to correct error and relief from judgment. The trial court did not rule on Father's motion or set the matter for a hearing within forty-five days. Therefore, Father's motion was deemed denied.

---

[2] Father also filed a second contempt motion against Mother at this time. The record does not contain any information regarding the substance of the second contempt motion, but in his brief, Father states that the modification and contempt motions are "**based on changed circumstances that occurred after** the issuance of the August 24, 2012 Order." Appellant's Br. p. 5.

[3] Special Judge Morris later dismissed Father's modification and contempt petitions, concluding that he did not have jurisdiction to rule on those issues. That order is addressed in another case decided today, *In re Paternity of V.A.*, No. 39A01-1307-JP-304 (Ind. Ct. App. May 30, 2014).

4

Father now appeals.

## Discussion and Decision

This case addresses the interaction between Indiana Trial Rule 76(B) and Indiana Trial Rule 63(A). Father contends that because Special Judge Morris had assumed jurisdiction pursuant to Indiana Trial Rule 76(B), he should rule on all pending matters, including the remanded issues. In making this argument, Father asserts that Trial Rules 76(B) and 63(A) conflict, and his right to a change of judge under Rule 76(B) trumps Rule 63(A)'s preference for the judge who heard the evidence, Judge Todd.

The interpretation of the Indiana Trial Rules is a question of law, which we review de novo. *Gulf Stream Coach, Inc. v. Cronin*, 903 N.E.2d 109, 111 (Ind. Ct. App. 2009). Our objective in construing their meaning is to give effect to the intent underlying the rule. *Dreyer & Reinbold, Inc. v. AutoXchange.com., Inc.*, 771 N.E.2d 764, 767 (Ind. Ct. App. 2002), *trans. denied*. We construe the Indiana Trial Rules together and harmoniously if possible. *Id.*

We must determine who should decide the remanded issues: Judge Todd, who presided over the initial paternity hearing, or Special Judge Morris, who was appointed in connection with Father's petition to modify custody and child support. Father argues that Special Judge Morris must hear the remanded issues because Judge Todd was divested of jurisdiction when Special Judge Morris assumed jurisdiction. Appellant's Br. p. 15. We disagree.

In a paternity proceeding, Indiana Trial Rule 76(B) allows a party to make one change-of-judge request before entry of a final decree and one change-of-judge request in

5

connection with a petition to modify that decree. *See* Ind. Trial Rule 76(B) ("In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor. . . . [P]rovided, however, a party shall be entitled to only one [1] change from the judge. After a final decree is entered in a . . . paternity case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed."); *see also In re Marriage of Turner*, 785 N.E.2d 259, 262 (Ind. Ct. App. 2003); *Trojnar v. Trojnar*, 656 N.E.2d 287, 290 (Ind. Ct. App. 1995). When a request for a change of judge accompanies a petition to modify, the right to a change of judge "must be viewed prospectively, inasmuch as that right is derived from the newly-filed petition and does not relate back to pending matters." *Turner*, 785 N.E.2d at 262. A third opportunity to request a change of judge arises in cases where the trial court or a reviewing court orders a new trial, or where a reviewing court remands a case such that a further hearing and new evidence must be heard. Ind. Trial Rule 76(C)(3) (a motion for a change of judge on remand must be made within ten days "after the issues are first closed on the merits.").

Father's lone change-of-judge request accompanied his petition to modify the paternity decree. As a result, Special Judge Morris's jurisdiction applies prospectively to Father's modification request; it does not relate back to matters stemming from the initial paternity hearing—in other words, the remanded issues. *See Turner*, 785 N.E.2d at 262.

6

Moreover, Father did not request a change of judge on remand.[4] Thus, the remanded issues remain with Judge Todd.

Indiana Trial Rule 63(A) supports this conclusion. Trial Rule 63(A) provides in part:

> The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded.

Trial Rule 63 recognizes that the judge who directed a trial is, if available, the best person to rule on post-trial matters. *Id.* The underlying policy behind Trial Rule 63(A) is judicial economy: by requiring the original judge to rule on the issues, a second judge need not duplicate the original judge's work or prolong a determination of the issues.

Here, Special Judge Morris found that Judge Todd, an active senior judge, is available to hear the remanded issues, and we will not second-guess this conclusion; Special Judge Morris is better able to determine Judge Todd's availability than we are. Moreover, retirement does not make a judge automatically unavailable under Trial Rule 63(A). *Roberts v. State*, 500 N.E.2d 197, 199 (Ind. 1986). Because Judge Todd heard the evidence at trial that pertains to the remanded issues and is available to rule on those issues, Trial Rule 63(A) requires that he do so.

Father worries that our holding will make judges' retirement illusory and obtaining a change of judge impossible. He also argues that involving two judges in a single case will cause confusion. We do not share Father's concerns. Though retirement

---

[4] Because Father did not request a change of judge under Trial Rule 76(C)(3), we need not consider whether he was entitled to one. Interestingly, had Father been entitled to a change of judge to hear new evidence on remand, it is probable that the remanded issues and modification petition would have been consolidated and heard by Special Judge Morris.

does not make a judge automatically unavailable, "a retired judge may be unavailable by virtue of . . . sickness, absence, or unwillingness to act." *Id.* In this case, Judge Todd is available because, though retired, he remains an active senior judge. As for Father's concern about obtaining a change of judge, a litigant may request a change of judge as many as three times in a given case, as explained above, and Father successfully obtained a change of judge with respect to his modification petition. Finally, we are confident that Judge Todd and Special Judge Morris will confine their rulings to the issues before them and avoid unnecessary confusion.

In conclusion, we find that Trial Rule 76(B) and Trial Rule 63(A) do not conflict; rather, they govern different aspects of Father's case—Father's change-of-judge motion under Trial Rule 76(B) applies prospectively to allow Special Judge Morris to hear his modification petition,[5] and Trial Rule 63(A) operates retroactively to ensure that the remanded issues are considered by the judge who heard the evidence, Judge Todd.

Affirmed.

RILEY, J., and MAY, J., concur.

---

[5] If, as Father suggests, his second contempt petition stems from "***circumstances that occurred after*** the issuance of the August 24, 2012 Order," Appellant's Br. p. 5, then Special Judge Morris should also rule on the second contempt petition.