# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARY BETH MOCK**
Law Office of Mary Beth Mock
Madison, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE PATERNITY OF V.A., a Minor Child, | ) | |
| | ) | |
| | ) | |
| R.A., Father, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1307-JP-304 |
| | ) | |
| B.Y., Mother, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable James B. Morris, Special Judge
Cause Nos. 39C01-1210-JM-62, 39C01-1108-JP-28

**May 30, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

R.A. ("Father") appeals the denial of his motion to correct error and the order reinstating his visitation time.[1] As the trial court did not err by denying his motion to correct error and the parenting time issue is moot,[2] we affirm.

**FACTS AND PROCEDURAL HISTORY**

B.Y. ("Mother") gave birth to V.A. ("Child") in 2003. Mother and Father never married. In June 2011, Mother and Father ended their relationship. On August 3, 2011, Father filed a petition in Jefferson County to establish paternity and determine custody, parenting time, and child support. In August 2012, after a hearing, Judge Ted Todd issued a final order addressing paternity, custody, child support, and other issues. Father appealed that order.

While the appeal was pending, Father asked for a change of judge and Special Judge James Morris assumed jurisdiction. The same day Father filed the motion for change of judge, he filed a petition to modify custody and support. Mother moved to dismiss, arguing

---

[1] Father timely filed two appeals in this case, and we consolidated them.

[2] Judge Morris gradually reinstated Father's parenting time over a period of about a month, at which point the parenting time would return to that established by the August 24, 2012, order. Father argues he should have had his full allotment of parenting time between July 1, 2013, and August 9, 2013. As that part of the order is no longer in effect, we are unable to render relief. *See Francies v. Francies*, 759 N.E.2d 1106, 1111 (Ind. Ct. App. 2001) (we will not reverse a lower court's decision when no change in the *status quo* will result from the reversal), *reh'g denied, trans. denied*.

While we decline to address that issue, we note the Indiana Parenting Time Guidelines contemplate phased-in reinstatement of parenting time:

> Where there is a significant lack of contact between a parent and a child, there may be no bond, or emotional connection, between the parent and the child. It is recommended that scheduled parenting time be "phased in" to permit the parent and child to adjust to their situation. It may be necessary for an evaluation of the current relationship (or lack thereof) between the parent and the child in order to recommend a parenting time plan. A guardian ad litem, a mental health professional, a representative from a domestic relations counseling bureau or any other neutral evaluator may be used for this task.

Indiana Parenting Time Guidelines, Section II (B), Cmt. 2.

the paternity court lacked jurisdiction to decide Father's petitions because the issues were part of Father's pending appeal of the August 24, 2012, order. Judge Morris dismissed Father's petition to modify custody and support without prejudice, citing lack of jurisdiction. On March 28, 2013, Father filed a motion to correct error.

On May 10, 2013, we decided Father's appeal and remanded the case for the trial court to determine V.A.'s legal custody, "to clarify the factual basis for its child support order and, if the award is a deviation from the child support guidelines, to enter findings articulating the facts supporting that conclusion," *In re the Paternity of V.A.*, No. 39A01-1209-JP-413 (Ind. Ct. App. May 10, 2013), slip op. at 7, and to address Father's contempt petition.

On May 16, 2013, Judge Morris held a hearing on Father's motion to correct the error alleged in the dismissal of his petition to modify custody and support. Judge Morris denied his motion, again citing lack of jurisdiction.

Thereafter, the parties disputed whether Judge Todd or Special Judge Morris should rule on the issues remanded to the trial court after our resolution of Father's appeal of the August 24, 2012, order. Judge Morris determined Judge Todd should rule on the remanded issues. Father appealed this determination, and we affirmed in an opinion decided today. *In re V.A.*, No. 39A04-1310-JP-512.

At a hearing on July 1, 2013, Mother requested dismissal of an *ex parte* order that she had obtained on October 30, 2012, to protect Child from Father.[3] Judge Morris granted her

---

[3] Mother sought that order in Bartholomew County. On October 30, 2012, the Bartholomew County Court

3

request and immediately considered how to reinstate Father's parenting time. After hearing testimony from the guardian *ad litem*, Judge Morris issued an order that provided parenting time would be gradually phased in between July 4, 2013 and July 27, 2013, at which time Father would "resume visitation as outlined in the Indiana Parenting Time Guidelines and as set for [sic] in the prior order, provided the Court finds no issues have arisen during these times." (App. at 72.)

## DISCUSSION AND DECISION

Father appeals the denial of his motion to correct error, which challenged the trial court's dismissal of Father's verified petition to modify physical and legal custody and to modify child support. We review denial of a motion to correct error for abuse of discretion. *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1234 (Ind. Ct. App. 2007). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court, or the reasonable inferences therefrom. *Id.*

The trial court dismissed Father's petition to modify on the ground the court lacked jurisdiction. Father brought his petition to modify while his appeal of the trial court's original paternity decree was pending. Normally an appeal of a final judgment transfers general jurisdiction of the case to this court, thereby suspending any further action by the trial court.[4] *City of New Haven v. Allen Cnty. Bd. of Zoning Appeals*, 694 N.E.2d 306, 310 (Ind.

transferred the petition to Jefferson County, and Judge Todd issued an *ex parte* order that granted Mother's request and effectively suspended Father's parenting time. On April 26, 2013, the protective order action was consolidated with the paternity action.

[4] There are situations in which a trial court may retain jurisdiction and act notwithstanding a pending appeal. Specifically, a trial court retains jurisdiction to perform such ministerial tasks as reassessing costs, correcting the record, or enforcing a judgment. *City of New Haven v. Allen Cnty. Bd. of Zoning Appeals*, 694 N.E.2d

Ct. App. 1998), *trans. denied*. At issue in Father's prior appeal were the validity of the trial court's determinations of child custody and support. As Father's subsequent petition also addressed custody and support, the trial court properly determined it did not have jurisdiction to rule on the petition to modify.[5] Accordingly, we cannot hold the court abused its discretion when it denied Father's motion to correct error. We accordingly affirm the denial of Father's Motion to Correct Error regarding the dismissal of his petition to modify custody and support.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

306, 310 (Ind. Ct. App. 1998), *trans. Denied*.

[5] Father's petition did not allege an emergency regarding the safety of the child that needed to be immediately addressed by the trial court. Furthermore, the *ex parte* protective order that Mother obtained in October of 2012 and that was not dismissed until July of 2013, prohibited contact between Father and V.A. That prevented the trial court from transferring custody of V.A. to Father pursuant to Father's motion to modify.