**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.

ATTORNEY FOR APPELLANTS

Jeffrey A. Golding
Valparaiso, Indiana

ATTORNEY FOR APPELLEES
CIVIL CITY OF SOUTH BEND,
SOUTH BEND POLICE
DEPARTMENT, CITY
ATTORNEY'S OFFICE, ET AL.

Aladean M. DeRose
City Attorney
South Bend, Indiana

ATTORNEYS FOR APPELLEES
ST. JOSEPH COUNTY
PROSECUTING ATTORNEY,
MICHAEL DVORAK, KEN COTTER,
ST. JOSEPH COUNTY CORONER'S
OFFICE, RANDY MAGDALINSKI,
ST. JOSEPH COUNTY METRO
HOMICIDE UNIT, AND TIM
CORBETT

James F. Groves
David E. Ballard
Lee, Groves & Zalas
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tanya Anderson and Delmonte Anderson, Individually and as Personal Representatives of the Supervised Estate of Michael Delshawn Anderson, Deceased, et al.,

*Appellants-Plaintiffs,*

v.

Civil City of South Bend a/k/a "City of South Bend," South Bend Police Department, St. Joseph County Prosecuting Attorney, St. Joseph County Coroner's Office, St. Joseph County Metro Homicide Unit, et al.,

*Appellees-Defendants*

October 16, 2015

Court of Appeals Case No. 71A03-1502-CT-53

Appeal from the St. Joseph Superior Court

The Honorable Jenny Pitts Manier, Judge

Trial Court Cause No. 71D05-1407-CT-258



**FILED**

Oct 16 2015, 5:48 am

**CLERK**
of the supreme court,
court of appeals and
tax court

**Crone, Judge.**

# Case Summary

[1] Michael Delshawn Anderson ("Michael")[1] was allegedly tased and assaulted by South Bend police officers and died in police custody. On the last day of the statutory limitations period, Michael's parents, Tanya and Delmonte Anderson, filed a wrongful death complaint against various defendants affiliated with the

---

[1] Because appellants have a common surname, we refer to Michael by his first name.

Civil City of South Bend (collectively "the City Defendants") and St. Joseph County (collectively "the County Defendants") on behalf of themselves individually and as personal representatives of Michael's estate, as well as on behalf of Michael's minor children (collectively "the Plaintiffs"). The complaint was file-stamped with that date, and the summonses furnished by the Plaintiffs were file-stamped eight days later. The City Defendants filed a motion to dismiss the Plaintiffs' complaint, presumably on the basis that the lawsuit was untimely because the summonses were not "filed" with the clerk before the limitations period expired. The trial court granted the motion to dismiss and later denied the Plaintiffs' motion to correct error.

[2] The Plaintiffs now appeal. We conclude that the trial court erred in granting the City Defendants' motion to dismiss because the Indiana Trial Rules require only that a plaintiff "furnish" a summons contemporaneously with the "filing" of a complaint, and there is no indication in the record that the Plaintiffs failed to do so here. Ind. Trial Rule 4(B). Consequently, we reverse and remand for further proceedings.

## Facts and Procedural History

[3] By way of background, Indiana Trial Rule 3 states,

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

And Indiana Trial Rule 4(B) states,

> Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary. The clerk shall examine, date, sign, and affix his seal to the summons and thereupon issue and deliver the papers to the appropriate person for service.

Our supreme court has held that a civil action is untimely "if the plaintiff files a complaint within the applicable statute of limitations but does not tender the summons to the clerk within that statutory period." *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind. 2002), *reh'g granted on other grounds*, 768 N.E.2d 899.

[4] Michael was allegedly tased and assaulted by South Bend police and died in their custody on July 22, 2012. The Plaintiffs filed a wrongful death complaint against the City Defendants and the County Defendants on July 22, 2014, the last day of the statutory limitations period. The trial court's chronological case summary ("CCS") entry for that date states, "Complaint/Equivalent Pleading Filed," and the complaint is file-stamped July 22, 2014. Appellants' App. at 5, 16.

[5] On August 19, 2014, the City Defendants filed a motion to dismiss the Plaintiffs' complaint, presumably under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. To our dismay, the motion

does not appear in the record before us.[2] We presume that it asserts that the Plaintiffs' lawsuit was untimely because the summonses were not "filed" on July 22, 2014. The summonses are file-stamped July 30, 2014. City Defendants' App. at 4-6. But the CCS does not state that the summonses were furnished to the clerk on that date; it simply states that service was issued. Appellants' App. at 5.

[6] On October 23, 2014, the trial court held a hearing on the motion to dismiss. The Plaintiffs' counsel appeared by telephone due to illness. When the court asked him to respond to the City Defendants' argument that the summonses were untimely "filed," he said, "I don't know how to respond because I don't have that in front of me," and, "I believe that everything was filed at the same time." Tr. at 6, 7. That same day, the trial court issued an order granting the City Defendants' motion to dismiss on the basis that the summonses were untimely "filed."[3] Appellants' App. at 11.

[7] Trial Rule 59(C) states that a

> motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the

---

[2] *Cf.* Ind. Appellate Rule 50(A)(2) (stating that appellant's appendix "shall contain … pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal"); Ind. Trial Rule 50(A)(3) (stating that appellee's appendix "may contain additional items that are relevant to either issues raised on appeal or on cross-appeal").

[3] In the same order, the trial court also granted a motion for judgment on the pleadings filed by the County Defendants. The Plaintiffs' notice of appeal and appellate brief do not mention this ruling, but the County Defendants filed an appellees' brief, apparently out of an abundance of caution.

Chronological Case Summary. A copy of the motion to correct error shall be served, when filed, upon the judge before whom the case is pending pursuant to Trial Rule 5.

Trial Rule 5(E) states, "Except as otherwise provided in subparagraph (2) hereof, all pleadings and papers subsequent to the complaint which are required to be served upon a party shall be filed with the Court either before service or within a reasonable period of time thereafter."

[8] The CCS indicates that the Plaintiffs filed a motion to correct error on November 24, 2014, which was the latest possible date under Trial Rule 59(C). The CCS also indicates that a motion to correct error was filed on November 26, 2014. The appellants' appendix contains a copy of the motion to correct error that is file-stamped November 24, 2014, and states in pertinent part,

> 14. Counsel for the "City Defendants" argued both orally, and within the written motion to dismiss that T.R. [Trial Rule] 3 requires that Plaintiffs "**file**" summons along with "**filing**" the complaint and pay the appropriate filing fee.
>
> 15. This matter was filed by Plaintiffs by certified mail, and pursuant to T.R. 3, there were "as many copies of the complaint and summons" as were necessary and the proof of mailing are a part of the Court's file.
>
> 16. All necessary documents and filing fees were included in one mailing which was received by the clerk of the court on or about July 24, 2014.
>
> 17. No other filings were made by Plaintiffs after July 22, 2014, other than two motions to continue hearings.

18. Counsel for Plaintiffs has spoken to clerks in three different counties and has learned that the file stamp on the summons signifies the date that the summons and complaint are sent out by the clerk's office.

19. The file stamp of July 30, 2014 indicates the day that the clerk's office mailed the complaints and summons to the respective defendants and not the day that the summonses were furnished to the clerk of the Court.

20. The "City Defendants" and the Court have erred by requiring that a plaintiff must "**file**" the summons rather than "**furnish**" as T.R. 3 requires.

Appellants' App. at 41-42.

[9]  The appellants' appendix also contains an identical copy of the motion to correct error, a supporting memorandum, and an affidavit from the Plaintiffs' counsel, all of which are file-stamped November 26, 2014. Curiously, the appendix also contains an affidavit from the typist who prepared the complaint and summonses that is file-stamped November 23, 2014. *Id*. at 52. The CCS does not have an entry for that date. In their response to the motion to correct error, the City Defendants argued that the motion was untimely filed on November 26. The trial court did not rule on the motion, and thus it was deemed denied pursuant to Trial Rule 53.3.[4] This appeal ensued.

---

[4] *See* Ind. Trial Rule 53.3 ("In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied.").

# Discussion and Decision

[10] The Plaintiffs contend that the trial court erred in denying their motion to correct error and in granting the City Defendants' motion to dismiss. The City Defendants argue that the motion to correct error was untimely and that we should not consider the supporting evidence in any event because "affidavits may not be used to present evidence the party neglected to offer during the proceeding." *Mid-States Aircraft Engines, Inc. v. Mize Co.*, 467 N.E.2d 1242, 1245 (Ind. Ct. App. 1984). Assuming without deciding that the City Defendants' arguments have merit,[5] we nevertheless conclude that the trial court erred in granting their motion to dismiss.

[11] Resolution of this issue requires interpretation of the Trial Rules, which is a question of law that we review de novo. *In re Paternity of V.A.*, 10 N.E.3d 61, 63 (Ind. Ct. App. 2014). "[A]s with statutes, our objective when construing the meaning of a rule is to ascertain and give effect to the intent underlying the rule." *Carter-McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). The Trial Rules are to be construed together and harmoniously if possible. *Id*. "If the language of a rule is clear and unambiguous, it is not subject to judicial interpretation. Moreover, in construing a rule, it is just as important to

---

[5] According to the Plaintiffs' counsel, both copies of the motion to correct error and the accompanying documents "were all mailed in the same envelope," and "[o]ne might assume that the documents which were file stamped November 26, 2014 were perhaps the documents which went to [the trial court] prior to being received at the clerk's office." Appellants' Br. at 5.

recognize what it does not say as it is to recognize what it does say." *Id*. (citation omitted).

[12] To reiterate, Trial Rule 3 provides that a civil action is commenced by "*filing …* a complaint," by payment of the filing fee, and, "where service of process is required, by *furnishing* to the clerk as many copies of the complaint and summons as are necessary." (Emphases added.) And Trial Rule 4(B) provides that, "[c]ontemporaneously with the *filing* of the complaint," an attorney seeking service "shall *furnish* to the clerk as many copies of the complaint and summons as are necessary." (Emphases added.) These rules do not require that a summons be filed; they require only that it be furnished to the clerk with the complaint. In this case, the CCS does not indicate when the summonses were furnished to the clerk; it indicates only when the complaint was filed (July 22) and when service was issued (July 30).[6] Notably, Trial Rule 4(B) does not say that service must be issued on the same day that the summons is furnished; it says only that the clerk "shall examine, date, sign, and affix his seal to the summons and thereupon issue and deliver the papers to the appropriate person for service."

[13] "[I]t is well settled that the trial court speaks through its CCS or docket[.]" *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010), *trans. denied*

---

[6] Trial Rule 77(B) states, "Notation of judicial events in the Chronological Case Summary shall be made promptly, and shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case." Because a summons is furnished, rather than filed, this might explain the omission.

(2011). Here, the CCS is silent as to when the summonses were furnished to the clerk, and there is no CCS entry evidencing the submission of any papers to the clerk by the Plaintiffs other than the July 22, 2014 filing. If, as the City Defendants assert, the summonses were not furnished with the complaint, there is no notation to this effect. As the party seeking dismissal, the City Defendants had the burden of establishing that the summonses were furnished after the statute of limitations expired, and on this record they failed to carry that burden.[7] Accordingly, we reverse the trial court's grant of the City Defendants' motion to dismiss and remand for further proceedings.

Reversed and remanded.

May, J., and Bradford, J., concur.

---

[7] Because the clerk of the circuit court is responsible for maintaining the CCS pursuant to Indiana Trial Rule 77(B), and because a defendant has the burden of establishing sufficient grounds for dismissal, we reject the City Defendants' suggestion that a plaintiff must bear the burden of proving something that the clerk did not record. It is unfortunate that there is no evidence from the clerk's office regarding when it received the summonses and its policies and procedures for recording such events in the CCS.