## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2018, 11:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Robert W. Eherenman | Marylyn K.L. Ernsberger |
| Andrew L. Teel | Ernsberger & Helmer, P.C. |
| Haller & Colvin, P.C. | Angola, Indiana |
| Fort Wayne, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Paternity of W.J.L., Minor Child | February 28, 2018 |
| | Court of Appeals Case No. 44A04-1709-JP-2142 |
| Helen Burns, | |
| *Appellant-Respondent,* | Appeal from the LaGrange Circuit Court |
| v. | The Honorable J. Scott VanDerbeck, Judge |
| Landon Lemings, | Trial Court Cause No. 44C01-1512-JP-36 |
| *Appellee-Petitioner* | |

**Crone, Judge.**

# Case Summary

Helen Burns ("Mother") and Landon Lemings ("Father") are the biological parents of W.J.L. ("Child"). Father initiated a paternity action. The trial court awarded him parenting time with Child, to be supervised by either Mother or Father's parents ("Grandparents"). Father and Mother filed competing motions to modify parenting time. After a hearing, the trial court issued an order awarding Grandparents visitation with Child. Mother filed a notice of appeal from that order, and Father filed a motion to clarify the order. After the trial court clerk filed a notice of completion of clerk's record with this Court, the trial court issued an order in response to Father's motion to clarify. On appeal, Mother argues that the trial court had no authority to award Grandparents visitation and had no authority to enter the second order. We agree with Mother's first argument, but the record before us is insufficient to address the second. Therefore, we reverse and remand for further proceedings.

# Facts and Procedural History

The relevant facts are undisputed. Child was born in September 2014. In December 2015, Father initiated a paternity action. In January 2016, the trial court found Father to be Child's biological parent, awarded the parties joint legal custody, and awarded Father parenting time "on Tuesday and Thursday for three hours, and also on Sunday for four hours[,]" to be supervised by either Grandparents or Mother. Appellant's App. Vol. 2 at 18. In March 2016, Father filed a motion to modify his parenting time to unsupervised. In May 2016, Mother filed a competing motion to modify parenting time, alleging that

Grandparents were not appropriately supervising Father's parenting time.  After a hearing,[1] on August 18, 2017, the trial court issued an order ("the August 2017 order") with the following relevant findings:

> 6.  Mother does little to extend child visitation to Father and Paternal Grandparents, beyond the three hours on Tuesday and Thursday and four hours on Sunday.
>
> 7.  This restrictive attitude has led to missed child visitation opportunities during holidays, funerals and family reunions.
>
> 8.  This restrictive attitude has added fuel to a growing bad relationship between the parents and grandparents.  All the tensions make the present child visitation schedule strained.
>
> 9.  Individually, each parent and all grandparents are loving people who are concerned for the best interest of [Child].
>
> ….
>
> 13.  It is the best interest of [Child] that child visitation be modified to two hours, two days per week with father.  These visitations are to be supervised by Safe Exchange and Family Ties through CAVA….
>
> ….
>
> 16. It is in the best interest for [Child] that [Grandparents] may have child visitation with [Child] on alternate Sundays from 12:00 PM – 6:00 P.M. and holidays as defined in the Indiana Parenting Time Guidelines for children 3 and above.  They are

---

[1] The parties' appendices contain portions of the hearing transcript in contravention of Indiana Appellate Rule 50(F) ("Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix.").

not to allow father to have unsupervised child visitation. All pickup and delivery should occur at Mother's home. If the designated driver is fifteen minutes late to Mother's house, no child visitation is required.

*Id.* at 67-68.

[3] On September 15, 2017, Mother filed a notice of appeal from the August 2017 order. On September 18, 2017, Father filed a motion to clarify the order. On September 21, 2017, the trial court set a hearing on Father's motion for October 4, 2017. On September 25, 2017, the trial court clerk filed a notice of completion of clerk's record with this Court; the record before us does not indicate when the notice was noted in the chronological case summary ("CCS"). On September 27, 2017, Mother filed a response to Father's motion to clarify. On October 4, 2017, the trial court held a hearing on the motion and issued an order ("the October 2017 order") that reads in pertinent part as follows:

> 2. Mother filed a Notice of Appeal on or about September 15, 2017. The LaGrange Circuit Court Clerk's record has not yet been completed and this Court has jurisdiction over the issues presented for today's hearing.
>
> 3. Paragraph 16 of the Court Order of August 18, 2017 should be stricken and replaced with the following[:]
>
>> "16.
>> A. The parties are highly dependent on the largess of their parents. The parties both reside either with their parents or in a rental property owned by their parents. The parties

both employed by enterprises owned or controlled by their parents. [Child] has been raised in the close proximity and has been in extensive contact with both sets of grandparents and the parents. This contact with each set of Grandparents is beneficial to the successful well-being of [Child].

B. It is in the best interest of [Child], for the time being, that [Grandparents] have child visitation with [Child] on alternate Sundays from 12:00 p.m. – 6:00 p.m. and holidays as defined in the Indiana Parenting Time guidelines for children 3 and above. They are to have [Child] available for supervised visitation with the Father. The Grandparents are not to allow father to have unsupervised child visitation. They are to return [Child] to the Mother at the conclusion of visitation. All pickup and delivery should occur at Mother's home. At the beginning of visitation, if the designated driver is fifteen minutes late to Mother's house, no child visitation is required.

C. For the present, consistent with I.C. 31-14-14-1, unsupervised parenting time by the Petitioner with the minor child might significantly impair the child's emotional development.

D. Father is to undergo a formal substance abuse evaluation and follow through with any recommended treatment provider.

E. Father is to continue counselling each two weeks with Mr. Lewis. Father is to follow any additional treatment recommended by Mr. Lewis, including that which focus on depression and anxiety, psychiatric review to better coordinate any need for medication."

In all further regards, this Court's decision of August 18, 2017 is affirmed and ratified.

*Id.* at 75-76. The parties subsequently filed their appellate briefs.

## Discussion and Decision

## Section 1 – The trial court had no authority to award Grandparents visitation with Child.

Mother's overarching argument is that the trial court had no authority to award Grandparents visitation with Child. We agree.

We will reverse a trial court's order concerning visitation only upon a showing of manifest abuse of discretion. *Malicoat v. Wolf*, 792 N.E.2d 89, 93 (Ind. Ct. App. 2003). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances or if the court misinterprets or misapplies the law. *Barwick v. Ceruti*, 31 N.E.3d 1008, 1013 (Ind. Ct. App. 2015). In *Jocham v. Sutliff*, another panel of this Court explained that "[g]randparents historically had no common-law right to visitation with their grandchildren. In 1982, the Indiana legislature passed the Grandparent Visitation Act ("GVA"), *which is the exclusive basis for a grandparent to seek visitation.* Because the GVA was enacted in derogation of the common law, it must be strictly construed." 26 N.E.3d 82, 85 (Ind. Ct. App. 2015) (emphasis added) (citing *In re Visitation of M.L.B.*, 983 N.E.2d 583, 585 (Ind. 2013)), *trans. denied*.[2] Indiana Code Section 31-17-5-3 of the GVA provides that a proceeding for grandparent visitation must be commenced by the filing of a petition by a grandparent entitled to receive visitation rights under Indiana Code Chapter 31-

---

[2] We are unpersuaded by Father's reliance on *In re Guardianship of K.T.*, 743 N.E.2d 348 (Ind. Ct. App. 2001), which is both factually and procedurally distinguishable.

17-5, and Grandparents did not file a petition in this case. The trial court abused its discretion in awarding Grandparents visitation, and therefore we reverse that portion of the August 2017 order and remand for further proceedings consistent with this opinion. If it was the trial court's intent to provide for additional visitation for Father with Grandparents supervising and providing transportation, the trial court on remand may convert the Grandparent-only visitation to Grandparent-supervised visitation with Father and allow Grandparents to transport Child to and from Mother's home.

## Section 2 – The record before us is insufficient to address Mother's argument that the trial court had no authority to issue the October 2017 order.

[6] Mother also contends that the trial court had no authority to issue the October 2017 order because this Court acquired jurisdiction before it was issued. Indiana Appellate Rule 8 provides in relevant part that "[t]he Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." In this case, the trial court clerk filed a notice of completion of clerk's record with this Court on September 25, 2017, and attached an updated copy of the CCS to the notice, but the updated CCS does not indicate that the notice was actually noted in the CCS on

September 25.[3]  Because the record before us does not indicate when the notice

was actually noted in the CCS, we are unable to address Mother's argument.[4]

Reversed and remanded.


Robb, J., and Bradford, J., concur.

---

[3] The October 2017 order erroneously states that the clerk's record had not yet been completed.  We can only presume that this statement was based on the fact that the transcript had not yet been completed, which is irrelevant for purposes of Appellate Rule 8.

[4] Indiana Trial Rule 77(B) provides that "[n]otation of judicial events in the [CCS] shall be made promptly[.]"  We would hope that the notice of completion of clerk's record was noted in the CCS before the October 2017 order was issued, but we decline to make any assumptions on a silent record.  "There are situations in which a trial court may retain jurisdiction and act notwithstanding a pending appeal. Specifically, a trial court retains jurisdiction to perform such ministerial tasks as reassessing costs, correcting the record, or enforcing a judgment."  *In re Paternity of V.A.*, 10 N.E.3d 65, 68 n.5 (Ind. Ct. App. 2014). Because we do not know whether this Court acquired jurisdiction before the trial court issued the October 2017 order, we do not address whether the order was merely ministerial.