## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 17 2018, 10:02 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brittany L. Loftin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 17, 2018

Court of Appeals Case No.
18A-CR-934

Appeal from the
Elkhart Superior Court

The Honorable
Kristine A. Osterday, Judge

Trial Court Cause No.
20D01-1711-F6-1632

**Kirsch, Judge.**

[1] Brittany L. Loftin ("Loftin") pleaded guilty in Elkhart Superior Court 1 to failure to return to lawful detention[1] as a Level 6 felony, and Senior Judge David T. Ready ("Senior Judge Ready") was the judge that conducted the guilty plea hearing. Some weeks later, Loftin's sentencing hearing was held, and Judge Kristine A. Osterday ("Judge Osterday"), the presiding judge of Elkhart Superior Court 1, conducted that hearing. Loftin appeals, claiming that Judge Osterday did not have jurisdiction to sentence her pursuant to Indiana Trial Rule 63.

[2] We affirm.

## Facts and Procedural History

[3] On March 13, 2017, Loftin was directed to serve a sentence in Cause Number 20D01-1611-F4-294 ("Cause 294") in the Elkhart County Community Corrections work release facility. On July 24, 2017, Loftin left the facility with permission to go to work, and she was required to return the same day. By the next morning, Loftin had not returned. In November 2017, the State charged Loftin with Level 6 felony failure to return to lawful detention for her failure to return to the work release facility on July 24, 2017, and a warrant was issued for her arrest. *Appellant's App. Vol. II* at 3, 14. On December 4, 2017, a car in which Loftin was a passenger was stopped by police, she informed the officers of the outstanding warrant, and she was arrested. Loftin appeared with counsel

---

[1] *See* Ind. Code § 35-44.1-3-4(c).

at the initial hearing, which was held before Judge Osterday.[2] *Tr. Vol. II* at 2. Judge Osterday read the charging information to Loftin and advised Loftin that she had been charged with this new crime related to her failure to return to Community Corrections, which Judge Osterday explained was a separate offense from a violation of probation petition that had been filed in Cause 294.

[4] On February 6, 2018, which was the day that her trial was to begin, Loftin pleaded guilty, without a written plea agreement, to the Level 6 felony of failure to return to lawful detention. Senior Judge Ready presided at the guilty plea hearing. He reviewed the charging information with Loftin, and he advised her of her rights. Loftin acknowledged that she had been committed to Elkhart County Community Corrections in Cause 294, that she was released from the work release facility on July 24 in the morning, was supposed to return the same day, and had not returned as of 9:00 a.m. the next day. *Id.* at 26. She acknowledged that she never voluntarily returned to the work release facility and that she was arrested on an outstanding warrant when she was a passenger in a car that got pulled over for a traffic violation. *Id.* at 27. At the conclusion of the hearing, Senior Judge Ready accepted Loftin's guilty plea and entered judgment of conviction. *Id.* at 30.

[5] On March 22, 2018, the trial court held a sentencing hearing, and Judge Osterday presided. Judge Osterday began by confirming that counsel had

---

[2] According to the record, Judge Osterday was a magistrate at the time. *Tr. Vol. II* at 2.

received and reviewed the presentence investigation report, and then she received argument from counsel regarding sentencing. Counsel for Loftin asked the trial court not to aggravate the sentence and urged the court to consider alternative placement again, arguing: (1) Loftin pleaded guilty and accepted responsibility; (2) this was not a violent crime, and Loftin "was someone who just didn't return," (4) Loftin's sister was ill, Loftin had been asked to help care for her children, and Loftin was "overwhelmed" and regrets not returning. *Id.* at 35. Loftin told Judge Osterday, "I apologize and I'm just ready to get everything over with. You know, get home to my son. Get all of this over with." *Id*. at 36. The State argued that, while Loftin did plead guilty, she had "numerous opportunities" to do so before trial but, because she waited until the morning of trial to plead, "the trial date was wasted because of her." *Id*. The State also argued that Loftin's "previous history is particularly egregious and she was fortunate to be in work release in the first place and . . . alternative placement is not appropriate when you escape." *Id*. at 37. Therefore, the State urged the trial court to impose an aggravated and executed sentence at the Indiana Department of Correction.

[6] Following argument, Judge Osterday remarked that Loftin's criminal history was not particularly long but was "significant." *Id*. Judge Osterday also stated that, after reading Loftin's presentence investigation report, she questioned whether Loftin was "being honest with [her]self" about alcohol issues. *Id*. at 38. Judge Osterday sentenced Loftin to eighteen months in the Elkhart County Jail and authorized alternative placement if approved by Community

Corrections.[3] *Id.* at 38-39; *Appellant's App. Vol. II* at 9. Loftin did not object to Judge Osterday presiding at the sentencing hearing. Loftin now appeals.

## Discussion and Decision

[7] Loftin contends that, pursuant to Indiana Trial Rule 63, Judge Osterday lacked jurisdiction to enter the sentencing order, and thus the sentencing order is void. *Appellant's Br.* at 6. As an initial matter, we find that Loftin has waived this issue for appeal by failing to object at the sentencing hearing to having Judge Osterday determine and impose her sentence. Our Supreme Court has recognized that "the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."[4] *Floyd v. State*, 650 N.E.2d 28, 32-33 (Ind. 1994). Here, Loftin did not object at the sentencing hearing to Judge Osterday sentencing her, and therefore Loftin has waived the issue. *See McMichel v. State*, 655 N.E.2d 61, 63 (Ind. 1995) (defendant's post-conviction claim, asserting that his conviction was invalid because the master commissioner did not have authority to accept his plea or sentence him, was properly denied due to waiver because defendant did not object to the master commissioner's authority to act and thus failed to properly

---

[3] Judge Osterday ordered Loftin's sentence in the present case to be served consecutive to sanctions for her violation of probation in Cause 294. *Tr. Vol. II* at 39.

[4] In its analysis, the Indiana Supreme Court observed that, as to the matter of jurisdiction, "[I]t has been the long-standing policy of this [C]ourt to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court." *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994). It explained, "'The defect pointed out was not affecting the jurisdiction of the court, but the right and authority of its presiding judge to act as such.'" *Id.* (quoting *Gordy v. State*, 262 Ind. 275, 282-83; 315 N.E.2d 362, 367 (Ind. 1974)).

preserve the issue for appeal); *see also* 4 William F. Harvey & Stephen E. Arthur, Indiana Practice, *Rules of Procedure Annotated*, § 63.2 (3d ed. 2017) ("An objection must be made, however, or the point is waived.").

[8] Waiver notwithstanding, we find no error. Loftin's argument on appeal is that, under the facts of her case, Indiana Trial Rule 63 required that she be sentenced by Senior Judge Ready. The interpretation of the Indiana Trial Rules is a question of law, which we review de novo. *In re Paternity of V.A.*, 10 N.E.3d 61, 63 (Ind. Ct. App. 2014). In construing the meaning of the Trial Rules, our objective is to give effect to the intent underlying the rule. *Id.*

[9] Trial Rule 63, titled "Disability and unavailability of a judge," provides, in pertinent part:

> The judge *who presides at the trial of a cause or a hearing at which evidence is received* shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned[.]

[10] This court has recognized that a purpose of Trial Rule 63 is to ensure that a successor judge who did not receive evidence and view witnesses is not reweighing evidence or assessing credibility of witnesses. *See Gunter v. State*, 605 N.E.2d 1209, 1211 (Ind. Ct. App. 1993) (criminal law contemplates that same judge will preside throughout criminal trial, and the purpose of the rule is

"to insure to both parties the fairness and evenhandedness that arises from having the same person preside over the various facets of a trial"), *trans. denied*; *Oliver v. Morrison*, 431 N.E.2d 140, 143-44 (Ind. Ct. App. 1982) (holding that special judge who did not preside at trial but ruled on motion to correct error, and, in so doing, assigned credibility to a witness without having seen the witness, abused his discretion); 4 William F. Harvey & Stephen E. Arthur, Indiana Practice, *Rules of Procedure Annotated*, § 63.2 (3d ed. 2017) ("[T]he rule insists that a second or successor judge cannot resolve issues of credibility and weight of the evidence, without having heard the evidence and observe[d] the demeanor of the witnesses.").

Here, Loftin's argument is that because Senior Judge Ready conducted the guilty plea hearing, he "maintained jurisdiction over the case," and since nothing in the record indicates that Senior Judge Ready was unavailable to conduct the sentencing hearing, Judge Osterday's sentencing order is "void and without effect" pursuant to Indiana Trial Rule 63. *Appellant's Br*. at 4, 6. Loftin asks this court to remand the action to the trial court "so that Senior Judge Ready can sentence her or Judge Osterday can issue an order that determines and shows [Senior] Judge Ready is unavailable before she sentences Loftin." *Id*. at 6. We disagree with Loftin's interpretation and application of Trial Rule 63 and find that, contrary to Loftin's claim, remand for re-sentencing is not warranted.

As this court has observed, a guilty plea hearing is not the same as a criminal trial. *See Long v. State,* 962 N.E.2d 671, 674 (Ind. Ct. App. 2012) (holding that

master commissioner who presided at guilty plea hearing was not statutorily authorized to sentence defendant because the statute only authorizes sentencing by magistrate or master commissioner if he or she "presides at a criminal trial[,]" and appellate court was "not at liberty to conclude that [the statute's language] indicating 'criminal trial' really means 'criminal trial or guilty plea hearing'"), *trans. denied.*

[13] We agree with the *Long* court that a guilty plea hearing and a trial are not equivalents. At a guilty plea hearing, the applicable criminal charges are read to the defendant, and a factual basis is presented, based on charging information and probable cause affidavit, and, thereafter, the defendant, if he or she so chooses, accepts the truthfulness of the allegations. This is distinguishable from a trial, where evidence and witnesses are presented, observed, and evaluated, and guilt or innocence is determined. We thus find that Trial Rule 63's directive – that "[t]he judge *who presides at the trial of a cause or a hearing at which evidence is received* shall, if available, . . . make all [post-trial] decisions and rulings" – does not require that the same judge must conduct both the guilty plea hearing and the sentencing hearing. Ind. Trial Rule 63(A) (emphasis added).

[14] Furthermore, even if it was error in this case for one judge to accept Loftin's guilty plea and another judge to sentence her, Loftin has not shown that she was prejudiced, and, thus, any error was harmless. First, Loftin has not alleged, and we do not find, that Judge Osterday improperly re-evaluated evidence that had been presented to Senior Judge Ready at the guilty plea

hearing. The guilty plea hearing consisted of Senior Judge Ready reviewing the charging information with Loftin and advising Loftin of her rights. Loftin acknowledged that she left the work release facility and did not return and that she was later arrested on the outstanding warrant. *Tr. Vol. II* at 26-27. At the subsequent sentencing hearing, Judge Osterday outlined that the hearing would include both sentencing in the current case, as well as imposition of sanctions for a probation violation in Cause 294, and then she confirmed that the parties had received and read the presentence investigation report. Thereafter, counsel for each party presented argument as to sentencing. When the trial court asked Loftin if there was anything she wanted to say on her own behalf, she told Judge Osterday, "I apologize and I'm just ready to get everything over with. You know, get home to my son. Get all of this over with." *Id.* at 36. Judge Osterday, during her imposition of sentence, made statements indicating that she had read and was familiar with the contents of Loftin's presentence investigation report. We agree with the State that "[a]ll of the evidence relevant to the sentencing determination was provided at the sentencing hearing," including the presentence investigation report and probable cause affidavit. *Appellee's Br.* at 8. Given these facts, there is no likelihood of unfairness to Loftin based on information or evidence given to Senior Judge Ready at the guilty plea hearing that Judge Osterday either did not have or improperly re-evaluated at the subsequent sentencing hearing.

[15] Second, Judge Osterday sentenced Loftin to eighteen months in the Elkhart County Jail and approved of alternative placement. The maximum sentence for

a Level 6 felony is two and one-half years. Ind. Code § 35-50-2-7. Thus, Loftin received a sentence well below what was permitted. As Loftin has not argued, much less shown, that she suffered any harm as a result of Judge Osterday imposing sentence, rather than Senior Judge Ready, we find that any error was harmless. *See Gunter*, 605 N.E.3d at 1211 (finding that any error in having a special judge preside over the habitual offender phase of a trial, after the first judge disqualified himself following the first phase of trial, was harmless because there was no suggestion of any actual prejudice). Based on the record before us, we conclude that Judge Osterday's sentencing order is not void, and remand for re-sentencing is not warranted.

[16] Affirmed.

Vaidik, C.J., and Riley, J., concur.